PER CURIAM.
hln 2005, Matthew Alessi was involved in an accident with an insured of Safeway Insurance Company of Louisiana (“Safeway”), and made a claim against Safeway. In connection with that claim, Mr. Alessi voluntarily submitted his medical records and bills to Safeway. Mr. Alessi thereafter settled his claim.
Subsequently, Mr. Alessi was a passenger in a vehicle involved in an accident. Several occupants of the vehicle filed suit against Barriere Construction Co. (“Barri-ere”) as a result of this accident, but Mr. Alessi did not. In connection with this suit, Barriere’s attorney served a subpoena on Safeway to produce “a copy of your entire file including, but not limited to, all claims made by, or on behalf of, Matthew Alessi.” Safeway complied with the subpoena, producing its file materials, as well as Mr. Alessi’s medical records and bills received in connection with the 2005 accident.
Mr. Alessi then filed the instant suit against Safeway,[1] alleging the release of his medical records and bills constituted an invasion of privacy. Safeway filed a motion for summary judgment, arguing it did not violate plaintiffs privacy interests |2because it produced Mr. Alessi’s records *1143 in response to a valid subpoena duces te-cum issued by the district court.
After a hearing, the district court denied Safeway’s motion for summary judgment. Safeway applied for supervisory review of this ruling. The court of appeal denied relief as to the invasion of privacy claim.[2] This application followed.
In Jaubert v. Crowley Post-Signal, Inc., 375 So.2d 1886, 1389 (La.1979), we explained that an actionable invasion of privacy occurs only when the defendant’s conduct is unreasonable and seriously interferes with the plaintiffs privacy interest. The reasonableness of the defendant’s conduct is determined by balancing the conflicting interests at stake; the plaintiffs interest in protecting his privacy from serious invasions; and the defendant’s interest in pursuing his course of conduct. Id.
Applying these precepts to the case at bar, we find the uncontested facts establish Safeway did not act unreasonably in releasing Mr. Alessi’s medical records and bills in response to Barriere’s subpoena. The documents at issue were voluntarily submitted by Mr. Alessi to Safeway, without any restrictions on their use. Safeway had no fiduciary relationship with Mr. Al-essi to obligate it to protect his records, nor is Safeway an entity covered under the state or federal laws relating to privacy of medical records. Most importantly, Safeway did not produce the records in bad faith; rather, it did so pursuant to a subpoena validly issued by the district court. Considering these factors, we conclude Mr. Alessi is unable to establish a claim for invasion of privacy as a matter of law.
| a Accordingly, the writ is granted. The judgment of the district court is reversed, and judgment is rendered in favor of Safeway Insurance Company of Louisiana, dismissing Mr. Alessi’s claim for invasion of privacy.
JOHNSON, J., dissents.
KNOLL, J., dissents and assigns reasons.

. Barriere’s attorney, Thomas Loehn, was also named as defendant in the suit. The claims against him are not at issue for purposes of this opinion.

. Mr. Alessi also asserted a claim for intentional infliction of emotional distress. The court of appeal granted Safeway’s motion for summary judgment as to this claim. Because Mr. Alessi did not seek relief in this court, this portion of the court of appeal’s judgment is not at issue.